UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- AT LEXINGTON

| | |
|---|---|
| SARA C. FORBES,<br>    **Plaintiff,**<br><br>V.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,[1]<br>    **Defendant.** | CIVIL ACTION NO. 5:16-56-KKC<br><br><br>**OPINION AND ORDER** |

Plaintiff Sara C. Forbes brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for disability insurance benefits. The Court, having reviewed the record, will remand this matter to the Commissioner for further consideration.

## I. Procedural background and the administrative decision

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (internal quotation marks omitted).

Forbes was born in June 1977 and sought disability insurance benefits for bipolar disorder, attention deficit hyperactivity disorder, and fibromyalgia. (Administrative Record ("AR") at 62). In denying her claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act. 20 C.F.R. § 404.1520(a)–(e); *see, e.g.*, *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

---

[1] Forbes filed her complaint solely against the "Commissioner of Social Security." The Court will use the name of the defendant as it is listed on the docket.

1

At step one, the ALJ determined that Forbes has not engaged in substantial gainful activity since February 16, 2012. (AR at 12).

At step two, the ALJ found that Forbes has the following severe impairments: disorders of the spine, fibromyalgia, and affective disorders. (AR at 12).

At step three, the ALJ found that Forbes did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 13).

Before proceeding to step four, the ALJ determined that Forbes has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1576(c) except:

> the claimant can stand and walk for only six hours total in an eight-hour workday; claimant can sit for only six hours total in an eight-hour workday; claimant can only frequently climb ladders, ropes and scaffolds; claimant can only frequently stoop, kneel, crouch, and crawl; claimant can only frequently reach overhead bilaterally; work is limited to simple, routine and repetitive tasks performed in a work environment free of fast paced production requirements involving only simple, work-related decisions and with few, if any, work place changes; claimant should have only occasional interaction with the general public, only occasional interaction with co-workers and only occasional supervision.

(AR at 14).

At step four, the ALJ found that Forbes is capable of performing past relevant work as a material coordinator, file clerk, store laborer, waitress, data entry clerk, and court clerk. (AR at 18).

In the alternative, at step five, the ALJ determined that, considering the RFC described above and Forbes' age, education, and work experience, Forbes can perform jobs that exist in significant numbers in the national economy, and thus, she is not disabled. (AR at 19).

The Appeals Council denied Forbes' request for review. (AR at 1). Forbes then sought judicial review by this Court.

## II.  Discussion

Forbes argues the ALJ erred in several ways in finding that she is not disabled. First, Forbes argues that the ALJ erred in his evaluation of her mental impairments with manic and depressive episodes, which she claims do not allow her to "sustain" work. Forbes also argues that the ALJ erred in the weight he assigned to certain medical records and in his analysis of her credibility and her subjective complaints of pain. Lastly, she argues that the ALJ erred in determining that she could perform certain semiskilled work.

Although all of Forbes' arguments are intertwined, what she essentially argues is that the ALJ failed to consider the effect of her mental impairments on her ability to sustain work.

During the hearing, the ALJ asked the vocational expert what jobs someone with Forbes' RFC could perform. (AR at 56–57). The vocational expert responded that such a person could perform Forbes' past relevant work as a store laborer. (AR at 57). The vocational expert also testified that such an individual could perform the jobs of a route inspector helper,[2] a data entry clerk, and an ampoule sealer. (AR at 57–58).

The ALJ then asked whether someone with Forbes' RFC, but who would have to miss four or more days a month, would be able to perform any of those jobs. (AR at 58). The vocational expert responded that it had been her experience "that would exceed the number of absenteeisms any employer would generally accept." (AR at 58). She further opined that such absences would preclude all competitive employment. (AR at 58).

In his decision, the ALJ did not address the issue of whether Forbes would be likely to miss four or more days of work a month. However, the ALJ explicitly discredited Forbes' credibility, stating that she "has not provided convincing details regarding factors that precipitate the allegedly disabling symptoms" and that although Forbes "has some

---

[2] The transcript of the vocational expert's testimony reads "route inspector helper," (AR at 57), but the title of the position with the number given, DOT # 589.686-038, is "rug-inspector helper."

limitations, the objective findings documented are insufficient to show the claimant is precluded from performing the limited range of medium work described." (AR at 18).

Further, in discussing the weight he assigned to the physicians' opinions in the record, the ALJ stated that he did not give great weight to the medical evidence provided by Colleen Bivens, Forbes' therapist. (AR at 18). The ALJ declined to give those records great weight because Bivens, as a licensed clinical social worker, is not a medically acceptable source for diagnosis. (AR at 18). However, the ALJ did use two Medical Source Statements completed by Bivens to conclude that Forbes has shown improvement. (AR at 18).

In considering one of the statements completed by Bivens, the ALJ did not discuss that the signature of Dr. Robert Granacher, who is Forbes' psychiatrist, also appears on that statement. (AR at 17; AR at 470). The ALJ did discredit the opinion of a vocational expert because that opinion was based on the "interpretation of Dr. Granacher's limitations only and not the longitudinal medical evidence of record," but the ALJ did not specifically explain what weight he gave to Dr. Granacher's limitations. This was in error.

"The opinions of treating physicians generally receive considerable, though not always controlling, weight." *Fisk v. Astrue*, 253 F. App'x 580, 584 (6th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(2)). The ALJ must give good reasons in his notice of determination or decision for the weight he gives a treating source's opinion. *Id.* If an ALJ does not give controlling weight to a treating physician, he must still consider other factors to determine what weight he does assign to the treating source's opinion. *See id.*

Further, '[t]he ALJ's explanation 'must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* (citing SSR 96-2P, 1996 WL 374188, at *5 (July 2, 1992)). If an ALJ fails to follow these procedural rules, the Court will reverse and remand unless the error is harmless. *Id.*

Because the ALJ did not address the Medical Source Statement with Dr. Granacher's signature in more than a cursory manner, remand is necessary. That statement observed Forbes as being "markedly limited" in four categories. (AR at 470). The statement further described Forbes as having "serious manic episodes which have not been controlled by medication when under stress," as "lack[ing] insight when manic to control reactions . . . .", and that her manic phases were "most frequently followed by significant depressive episodes." (AR at 470).

Thus, the Court will remand the case to the ALJ for a discussion of the weight to be assigned to the Medical Source Statement signed by Dr. Granacher. Although Forbes seeks reversal for an award of benefits, the proper course in this case is to remand the matter to the ALJ for further proceedings.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 7) is **GRANTED** to the extent that the plaintiff requests that this matter be **REMANDED** to the Commissioner;

2. The defendant's motion for summary judgment (DE 8) is **DENIED**;

3. The decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is **REMANDED** to the Commissioner; and

4. A judgment will be entered contemporaneously with this order.

Dated March 30, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY